UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  NO. 2:05mj369

MICHAEL WILLIAM EVANS,

      Defendant.

ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on October 25, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that Defendant committed the charged offenses and that his detention is warranted.

On October 19, 2005, Defendant was charged by criminal complaint with conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 846. Because more than one of these offenses involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, which carries a maximum prison term of ten years or more, a presumption in favor of detention applies in this case. See 18 U.S.C. § 3142(e).

To support a finding of probable cause and to establish that

detention is warranted, the Government offered the testimony of Special Agent Edward A. Orgon, Jr. ("SA Orgon") of the Drug Enforcement Administration who executed an affidavit in support of the criminal complaint. After stipulating that SA Orgon would have testified in conformance with the contents of the affidavit, Defendant's counsel then cross-examined SA Orgon. According to SA Orgon, on October 3, 2005 an undercover police officer was in telephone contact with Defendant's co-defendant, DeMorris Alexander James ("James"), who stated that "his little brother" would be arriving at a McDonald's restaurant to deliver cocaine in furtherance of a controlled drug purchase. Thereafter, Defendant was arrested after he arrived at the restaurant, exited his vehicle and approached an undercover vehicle. A search of Defendant incident to his arrest produced approximately sixty-two grams of crack cocaine from his pants pocket, which was the same amount of drugs that James had told the undercover police officer "his little brother" would be delivering.[1] SA also testified that Defendant (a/k/a "Lil Bump") and James (a/k/a/ "Lil Man") provided each other's cellular telephone numbers in furtherance of drug

---

[1] The Court notes that SA Orgon did admit to an error at paragraph 33 of his affidavit, which mistakenly described the vehicle that Defendant was seen exiting on October 3, 2005 as "the same green Acura Legend that James had previously used to deliver the crack cocaine purchased on September 20, 2005," as referenced in paragraph 9 of the affidavit. SA Orgon testified that the Defendant's vehicle on the date of his arrest was instead a "gray and red" Acura, though he did not know the exact model type.

2

transactions, and that Defendant was involved in several drug transactions over a thirty-day period prior to his arrest on October 3, 2005.  SA Orgon also testified that Evans and James both have certain tattoos on their arms, which the Government contends signify their affiliation with gangs.

The Court, having considered the affidavit of SA Orgon and his testimony, FINDS the existence of probable cause to believe that Defendant committed the charged offenses.  The Court further FINDS by clear and convincing evidence, based on the testimony, pretrial services report, and the statutory presumption in favor of detention, that Defendant represents a danger to the community and that there exists no condition or combination of conditions that will reasonably assure the safety of the community or the appearance of Defendant.

The Court notes that Defendant's counsel did present evidence by proffer to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained.  United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

The Court considered the nature and seriousness of the charge against Defendant.  Defendant stands accused of a serious felony offense involving the conspiracy to possess with intent to distribute and to distribute a significant amount of a narcotics

controlled substance. Defendant faces a sentence of up to life imprisonment and a four-million dollar fine for each count charged against him, if convicted upon evidence beyond a reasonable doubt.

The weight of the evidence against Defendant is strong. Despite the mistaken identification of the vehicle Defendant was seen driving on the date of his arrest, the testimony of SA Orgon regarding the circumstances of the attempted controlled drug purchase on October 3, 2005 was compelling to the Court. Defendant was apprehended with a significant amount of cocaine on his person, and it was being delivered in the same quantity, at the same location and in the same manner that his co-defendant had told the undercover police officer would be provided. Defendant has also been associated with several controlled drug transactions involving undercover officers prior to his arrest. The Court further notes that Defendant has shared a telephone and exchanged telephone numbers with a known accomplice who is charged with the same crimes.

The Court next considered the history and characteristics of Defendant. The Court recognizes that Defendant is young, and his criminal history is largely based on his juvenile record involving relatively minor infractions. Defendant apparently does have family ties to this community, given that he is a lifelong Virginia resident with strong family ties in the local area, which the Court considered in determining that he does not pose a risk of flight.

Defendant apparently volunteered on a part-time basis at a local recreation center from 1998 to 2002, though the circumstances surrounding that volunteer work were not entirely clear. The Court notes that Defendant's father was proposed as a third-party custodian, although he was not present at the hearing, and while it appears that the father may have been a suitable custodian, the Court is concerned with Defendant's continued involvement and association with known drug traffickers, including his co-defendant who faces equally serious charges. The Court also notes Defendant's admitted use of controlled substances, which included daily marijuana use until his incarceration in October 2005. Ultimately, the Court is not persuaded that the safety of the community will be ensured if Defendant is released.

The Court considers Defendant a danger to the community due to his presence at numerous drug transactions and his ties to individuals who are involved in the sale and distribution of drugs. The Court also notes that the cost of having to defend against the charges facing him provides Defendant with an incentive to continue to deal drugs or to associate with those involved in dealing drugs if he is released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of charges, the potential for pretrial recidivism exists in accused drug dealers). In particular, the Court notes that Defendant has no stable employment and thus has no apparent source of income other than

from the sale of drugs. In view of the facts set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community if he were released.

The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States

Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

ENTERED this 26th day of October, 2005.

/s/
F. Bradford Stillman
United States Magistrate Judge